Rice *v.* Buchanan.

RICE *vs.* BUCHANAN,

A venire should not be delivered to a constable, by a justice of the peace, until the parties have had an opportunity to make all reasonable objections to such officer.

Where a venire was issued by a justice on the demand of the defendant, out of court and in the absence of the plaintiff, and was delivered to a constable without the knowledge of the plaintiff, or any notice to him of the application therefor; *Held* that the justice was right in setting aside the venire, and the panel of jurors, returned by the constable, and in issuing a new venire.

APPEAL from a judgment of a county court reversing the judgment of a justice of the peace.

*By the Court,* MASON, J. I am inclined to think the justice was right in this case in setting aside the first venire issued by him, although it had been served and a panel of jurors had been summoned and had appeared. That venire was issued by the justice on the demand of the defendant, out of court and in the absence of the plaintiff; and was delivered to the constable without the knowledge of the plaintiff, and before he had any notice of the application, and consequently without giving him any opportunity to object to the constable. The statute provides "that the justice issuing a venire shall deliver or cause the same to be delivered to some constable of the county, disinterested between the parties,

*and against whom no reasonable objection shall have been made by either party*: (2 *R. S.* 243, § 97. 3 *id.* 441, § 88, 5*th ed.*) This statute would seem to imply that the venire should not be delivered to a constable by the justice until the parties have had an opportunity to make all reasonable objections to such officer. It requires the justice to deliver the venire, or cause it to be delivered, to a constable against whom neither party shall have made any reasonable objection. Now by issuing the venire in the absence of the plaintiff, and without any notice to him, as was done in this case, he is deprived of the right to raise his objections to the constable. I am aware that the statute declares the justice shall issue the venire upon the demand of the party, or that upon the demand of a trial by jury, the justice shall issue venire. (2 *R. S.* 242, § 94. 3 *id.* 441, § 84, 5*th ed.*) This does not mean that under all circumstances and without any qualifications he shall issue it; for if a party demands it before issue joined he certainly cannot have it. (3 *R. S.* 440, § 83, 5*th ed.*) And so he cannot demand it out of court, and in the absence of the other party, and without proper notice to him and on opportunity given to object to the constable. Such is the view taken of this statute by me in *Bennett and Ballou* v. *Porter*, in MS. some years since, and in which I then understood my brethren to concur, although I admit the case is not authority, as there are other questions in the case on which it may have been decided. It is no answer to this objection to say that the party can raise all reasonable objections to the constable by a challenge to the array of jurors. If the legislature has seen fit to give the party this additional security against an improper jury, it is the duty of our courts to protect him in that right. I know this challenge to the array opens a very broad field of objection to the constable. It is held to be a good cause of challenge to the array that there is consanguinity between the constable and the party, however remote; and so is affinity by marriage between the party and the constable's cousin, or the constable and the party's

cousin; or that the constable is liable to be distrained by the party, or is his servant or his attorney or counsellor, or acts as his advocate; or if he be in anywise interested in the question to be tried, whether in the same cause or another cause depending on the same question; or if he is godfather of the party's child, or the party to his child; or there is a suit depending between him and the party which implies malice; all these and many other grounds of objection to the constable are held to be good grounds of challenge to the array of jurors. (2 *Cowen's Treat.* 886, 2*d ed.*) And yet any one conversant with trials and the practice in these courts knows that one of the greatest evils existing in these courts is the shifts and resorts which are made by pettifoggers in procuring packed jurors to try the cause; and as the legislature have seen fit to extend to the party the addition of the safeguard of objecting to a constable in advance and before the venire is put into his hands, we should not take it from him upon the ground that he can raise all good and reasonable objections to him by the challenge to the array. He may succeed in a preliminary objection informally made, which would not be a good ground of challenge to the array. There cannot be too many safeguards thrown around these jury trials in justices' courts, and the complaints which are so frequently made on this subject, of the evil practices which are often resorted to in obtaining jurors in these courts, should admonish the courts of review to see that all the safeguards which the law affords are preserved. I think, therefore, the justice was right in setting aside this venire, as the plaintiff not only challenged the array, but objected also on this ground. And this view of this statute was taken in *Mead* v. *Darrough*, (1 *Hilton*, 395,) where it was held to be error for one party to take a venire after the adjournment and before the day of trial, without giving notice to the other party, and thereby affording him opportunity to object to the constable whom it is proposed to have select and summon the jury. No inconvenience can result from this practice. If the party desires

to have a jury trial he can call for the venire at the time of joining issue, and then the party will have an opportunity to object; or he can wait until the appearing on the adjourned day and then take out his venire. If he desires to take it out between the joining of the issue and the adjournment of the cause, he should be required to give the opposite party reasonable notice of the time when he will appear before the justice to have the venire issued. Although the venire is directed to any constable of the county, and although the statute says it may be given to any constable of the county, it is generally given to a constable of the town, and to the nearest one to the justice, unless some objection is made to him. Now the party who applies for the venire, in the absence of the other party, can raise his objections to one or more of the constables of the town, for the sake of getting the venire into the hands of one with whom he is on more particular terms of friendship; while the other party, not knowing that a venire has been called for, has no opportunity to object. He in fact knows nothing about it until he appears on the adjourned day to try his cause, and finds that a venire has been issued to a constable against whom he had objections, and that a jury has been summoned, obnoxious and dissatisfactory to him. He may challenge the array and fail to satisfy the justice that the wrong which he feels and knows has been done him, exists in the case, and he goes to trial under the impression that he need not expect fair and evenhanded justice from a jury thus obtained; and in many cases the result will realize his worst anticipations. This statute was passed in some measure to furnish a safeguard against these evils, and if one party can run to the justice out of court, and without any notice to the other take out his venire and get it into the hands of a particularly friendly constable, or which is the same thing, one unfriendly to his adversary, this statute becomes of no effect. The party who means to resort to these dishonorable practices will always obtain his venire out of court, and at a time when his adversary is not suspecting it,

I am of the opinion, for the reasons above stated, that the justice was right in setting aside this panel of jurors for this cause alone, and in issuing a new venire for a new panel; that the county court erred in reversing his judgment; and that the judgment of the county court should be reversed and that of the justice affirmed, with costs.

[BROOME GENERAL TERM, January 26, 1864. *Campbell, Parker* and *Mason,* Justices.]