## BRISBANE vs. MACOMBER.

The proceedings by which a jury is to be obtained, in a justice's court, are purely statutory, and should be strictly complied with; otherwise the judgment rendered cannot be sustained.

The principle is a general one, in its application to these courts, that the justice is limited by the statute to a certain course of proceedings; and unless those proceedings are adhered to, or waived by the party who has a right to insist on them, the judgment is irregular and void.

A justice of the peace has the power to draw a jury only when a sufficient number of the persons summoned have appeared, and whose names are placed in the box, to enable him to draw the names of six jurors from it. Until that number appears, he has no authority whatever to draw the jury.

When it appears that only five jurors are in attendance, under the venire, the justice should not place their names in the box, and attempt the drawing of a jury of six from them, but should issue another venire, and in that manner secure the attendance of a sufficient number to render it at least possible that a jury can be found by drawing the names from the box.

THE plaintiff brought this action against the defendant in a justice's court in the county of Genesee. Before the trial commenced, the defendant demanded of the justice that the cause should be tried by a jury. A venire was thereupon issued, and the constable who received it summoned twelve persons to serve as jurors. Only six of the persons summoned appeared, and one of them was excused from further attendance by consent of the parties. The ballots containing the names of the remaining five were placed in a hat, and from them the justice proceeded to draw the jury. Before the drawing commenced, the defendant objected to the drawing of the jury until six or more persons summoned should appear. The objection was overruled by the justice. The five jurors whose names were upon the ballots contained in the hat were then drawn as jurors, in the action. The justice then handed the venire to the constable, and directed him to summon another juror, which he did, from the bystanders. The defendant objected to that juror taking his place upon the jury, which objection was overruled by the justice, and the juror was allowed to sit as a juror in the cause. The

defendant then objected to the trial of the cause before the jury, on the ground that the jurors had been illegally drawn and impanneled. This objection was overruled by the justice, and the trial proceeded, the defendant taking no further part in it. A verdict was recovered by the plaintiff, upon which the justice rendered judgment. The defendant appealed to the county court of Genesee county, where the judgment was affirmed, and from that judgment he appealed to this court.

*M. H. Peck*, for the appellant.

*Wm. Tyrrell*, for the respondent.

DANIELS, J. The only question presented for consideration in this cause is, whether the justice could properly proceed with the drawing of the jury, while less than six of the persons summoned as jurors appeared before the court. If he could not, then the jury was improperly constituted, and on that account, was without authority to hear the cause.

The proceedings by which a jury is to be obtained in a justice's court are purely statutory, and should be strictly complied with ; otherwise the judgment rendered cannot be sustained. The principle is a general one in its application to these courts, that the justice is limited by the statute, to a certain course of proceedings; and unless those proceedings are adhered to, or waived by the party who has a right to insist on them, the judgment is irregular and void. (1 *Cowen's Treat.* 451, 3d ed.)

The provisions of the statute providing for the manner in which a jury shall be procured in a justice's court, make it the duty of the constable to whom the venire is delivered to summon twelve good and lawful men to appear before the court at the time and place specified in the process. And he is to make a list of them and return the same with the process to the justice. (3 *R. S.* 441, §§ 84,

89, *5th ed.*) The names of the persons summoned and returned, *and who shall appear*, are then required to be written, on several and distinct pieces of paper, and in the presence of the justice, folded or rolled up, and put together in a box, or some convenient thing, by the constable. (*Id.* § 90.) By the express language of this section, only the names of such of the jurors as appear before the justice, are to be placed in the box, and the placing of the names there is in no manner made dependent upon the number who may appear. If this section stood alone, without any further provision upon the subject, it would clearly warrant the course of proceeding taken in this case by the justice. But it must be construed together with the three following sections, which relate to the same subject matter. And the general language used must be so far restrained as to render it harmonious with that which follows it. The section following that already referred to, declares that unless the parties shall have agreed to try the cause by a less number, the justice shall draw from the box six of the papers placed in it, with jurors' names upon them, and such further number as will make up the number required, after all legal causes of challenge allowed by the justice. And the persons so drawn, appearing, and approved as indifferent, shall compose the jury to try the cause. The language of this section is such that it would be impossible to comply with its direction, with a less number than six jurors in the box. The justice is required to draw six names from the box, which it is obvious he could not do, if there were but five placed in it, as was the case in this cause. This requirement of the statute is so plain and peremptory that there can be no ground for mistaking the intention of the legislature in its enactment. And this, together with the preceding section, confers the power on the justice, of drawing the jury, only when a sufficient number of those summoned have appeared, and whose names are placed in the box, to enable him to draw

six jurors from it. Before such a number appears he has no authority whatever to draw the jury.

The succeeding section of the statute does not in any manner cure the defect in the proceedings; for while that confers the authority upon the justice of directing the deficiency in the jury to be supplied by the constable summoning bystanders, or others, who may appear to be competent, the right to resort to it only arises where a sufficient number of competent jurors shall not be drawn. If the justice has no power to draw the jury on account of the failure of the requisite number of jurors summoned to appear, he certainly has no power to direct the deficiency to be supplied under this section; for in that case, the deficiency cannot arise on account of a sufficient number of competent jurors not being drawn, but on account of a sufficient number not appearing to authorize any to be drawn.

The next section of the statute is the one under which the justice should have proceeded. That provides that if a full jury shall not be obtained in the manner declared in the preceding sections, the justice shall issue a new venire.

These sections of the statute provide for two different modes of proceeding for the purpose of forming a jury, and only two. By the first, when a sufficient number of the persons summoned appear, to enable the justice to draw six jurors from them, he is authorized to place their names in a box, or some other convenient thing, and to draw the jury from such names. If the number drawn shall be reduced by challenges, or by jurors absenting themselves, or otherwise, so that six jurors cannot be obtained from the number in the box, then the deficiency may be supplied by the constable summoning, under the direction of the justice, from the bystanders or others, legally competent, a sufficient number for that purpose. The second mode of proceeding is provided to meet the case of the attendance of so small a number of jurors as will not allow the justice

Brisbane *v.* Macomber.

to proceed to draw at all. There the justice should re-
quire by the new venire a sufficient number of additional
jurors to be summoned to enable him, according to the
requirements of the statute, to proceed with the drawing
of the jury. (2 *Cowen's Treat.* 341, 342, 3*d ed.* 3 *R. S.,*
§§ 90–93, *5th ed.*)

In procuring the jury for the trial of this cause, the jus-
tice failed to pursue the course provided by the statute.
When it appeared that but five jurors were in attendance
under the venire, he should not have placed their names
in the box and attempted to have done what every person
could see was an impossibility, the drawing of a jury of
six from them; but he should have issued another venire,
and in that manner secured the attendance of a sufficient
number to render it at least possible that a jury could be
formed by drawing the names from the box.

This, it is true, did not probably occasion the defendant
any, not even the slightest, injustice. But still he had a
right to insist that the trial, and all the proceedings before
it, should be conducted in the manner provided by the
statute. He did insist upon that, and was overruled by
the decision of the justice. And this court has no discre-
tion upon the subject, where it finds that the proceedings
have failed to conform to the requirements of the law, and
there has been no waiver of his rights by the party affect-
ed by them. The path of duty is well and clearly defined;
it is to reverse the judgment irregularly procured, leaving
the parties at liberty to litigate and settle the legal contro-
versy between them in another action.

The judgment of the county court and of the justice
should be reversed.

MARVIN, J., concurred.

GROVER, P. J., dissented.

Judgment reversed.

[ERIE GENERAL TERM, November 20, 1865. *Grover, Marvin* and *Daniels,*
Justices.]