## MONTGOMERY COUNTY COURT.

### HENRY BECKER, appellant, agt. CHRISTIAN SITTERLY, respondent.

*Justice's courts — Jury — irregularities in obtaining, for which judgment will be reversed.*

The proceedings by which a jury is to be obtained in a justice's court are purely statutory and should be strictly complied with, otherwise the judgment rendered cannot be sustained.

The justice is limited by the statute to a certain course of proceedings; and unless those proceedings are adhered to, or waived by the party who has a right to insist on them, the judgment is irregular and void.

A *venire* for a jury issued by a justice of the peace to the defendant at his request out of court, and in the absence of the plaintiff and without giving him notice, is irregular, and for such irregularity the judgment will be reversed.

Where it appeared that after the twelve names of the jurors summoned and present had been folded and put into a hat the justice drew out all twelve names at the defendant's request; then he called the twelve names and the jurors all answered, whereupon plaintiff's counsel requested the justice to put all the names back again and draw out six to make the jury, which request the justice refused:

*Held*, that the refusal of the justice to deposit the twelve names in the hat again and draw out six, *one after another* (as required by the statute), to compose the jury, when requested by plaintiff's counsel so to do, was a fatal error and one for which the judgment will be reversed.

*September*, 1878.

*H. V. Borst*, for appellant.

*D. S. Morrel*, for respondent.

Z. S. WESTBROOK, *County Judge.* — The judgment from which the appeal in this case was taken was rendered in justice's court in favor of the defendant upon the verdict of a jury. There was a disputed question of fact submitted to the jury upon conflicting evidence, and their verdict would be conclusive were the proceedings by which that verdict was obtained regular and valid.

Becker agt. Sitterly.

There are two points raised by the appellant which, I think, are fatal to the judgment and, therefore, it is not necessary to examine any other questions in the case.

The return shows that after the issue had been joined in the action and the cause adjourned to a specified day for trial, the justice issued and delivered to the defendant a *venire* for a jury out of court, and in the absence of the plaintiff, and upon the request of the defendant, returnable on the day of trial. The defendant delivered this *venire* to a constable who summoned a full jury; and they all appeared before the justice at the time appointed for the trial. At the trial, before the jury was called or drawn, the plaintiff's counsel duly objected to the *venire*, on the ground that it was issued to the defendant in the absence of the plaintiff and without giving him notice.

The justice overruled the objection, and allowed the jury to be selected from that panel. This, I think, was error.

The justice should have waited until the plaintiff was in court or had notice of the application before issuing the *venire*.

A *venire* is not issued, or a jury empaneled, in a cause for either party but for both and should be entirely indifferent between them. And the jury should be selected in such a way as will avoid, as near as possible, all opportunity for prejudice or improper influence.

The statute, which is the authority for obtaining a jury in justice's court, provides as follows (2 *vol. Edm. R. S., p.* 243, *sec.* 97) : " The justice issuing a *venire* shall deliver or cause the same to be delivered to some constable of the county *disinterested between the parties*, and against whom no reasonable objection *shall have been* made by either party."

The intention of the statute is to have an honest and disinterested officer summons the jury and to give either party a right to object to any officer serving the *venire* who is not disinterested or is in any respect an improper officer.

Here the plaintiff has had no opportunity to object to the

constable. He was selected by the defendant and we cannot presume he would be unfavorable to him.

The only adequate remedy given to a party to prevent an improper officer serving the *venire* is to object to him at the time the *venire* is issued.

The case of *Rice* agt. *Buchannan* (41 *Barb.*, 147) is directly in point upon this question. That is a general term decision and is decisive of this appeal.

The return also shows that after all twelve names of the jurors summoned and present had been folded and put into a hat the justice drew out all twelve of the names at the defendant's request. Then he called the twelve names and the jurors all answered, whereupon plaintiff's counsel requested the justice to put all the names back in the hat again and draw out six to make the jury. This was objected to by defendant's counsel on the ground that the jury had been drawn. The justice sustained the objection. The counsel for the respective parties then each excused two peremptorily, leaving eight drawn. The plaintiff's counsel then challenged another juror which was objected to by defendant's counsel, and the objection was sustained and the juror allowed to sit. Six of the eight were then sworn by the justice to try the cause. The refusal of the justice to deposit the twelve names in the hat again and draw out six to compose the jury when requested by plaintiff's counsel so to do, I think was also a fatal error.

It was a novel way to select a jury, and entirely unauthorized by any statute or rule of practice.

The statute relating to jurors in justice's courts provides (2 *vol. Edm. R. S., p.* 243, *sec.* 99), that at the trial the names returned shall be written upon slips of paper and folded up separately and deposited together in a box or some convenient thing.

And section 100 of the same statute provides :

" The justice shall then draw out six (or such number as the parties may have agreed upon) of such papers *one after*

Becker agt. Sitterly.

*another* and if any of the persons whose names shall be drawn shall be challenged and set aside *then* such further number shall be drawn as will make up the number required after all legal causes of challenge allowed by the justice. The persons *so drawn* appearing and approved as indifferent shall compose the jury to try the cause."

This plain statute was entirely ignored. The justice is required first to draw six of the names from the box and those six will form the jury, if none are challenged and set aside and if any of the first six are set aside *then* and *then only* is the justice authorized to draw any more, and then *one after another* until the requisite number is selected. It appears there were three jurors that were objectionable to the plaintiff; two were set aside by challenge, one could not be set aside for want of a challenge and was allowed to sit and pass upon the case. If the jury had been drawn as the statute requires, it is not likely all three of the objectionable jurors would have been drawn and no objectionable man would have sat upon the jury.

The proceedings by which a jury is to be obtained in a justice's court are purely statutory and should be strictly complied with, otherwise the judgment rendered on their verdict cannot be sustained (*Brisbane* agt. *McOmber*, 56 *Barb.*, 375).

It cannot be said that the plaintiff has not been injured on account of these errors. It is enough to know the jury decided the case against him and that jury was illegally obtained.

The counsel for the respondent now admits the error of the justice in issuing the *venire* the way he did, but urges that the notice of appeal does not raise the point for review. That position is untenable. The notice of appeal specifies that as a ground of error with all reasonable certainty and that is all that is required.

For the reasons stated the judgment must be reversed.

Judgment accordingly reversed, with costs.