Sutton, Co. J.
This is an appeal from a judgment rendered by a justice of the peace in an action for trespass.
Before the justice in due time defendant demanded a trial by jury; plaintiff objected to the issuing of a venire until defendant paid to the justice the sum of $4.25. The justice sustained the objection, and against the protest of defendant proceeded to try the cause without a jury, and rendered judgment in favor of the plaintiff, and against the defendant.
The ruling was put upon the ground that the plaintiff had a right to insist upon prepayment by defendant of the amount named.
Section 3328 of the Code of Civil Procedure provides: “ A justice of the peace or a constable, juror or witness before a justice of the peace is not obliged to render any service specified in this title without the previous payment or tender of his fee therefor.”
The right, to demand prepayment of fees is the personal privilege of the officer or person whose services are required, and the opposing party has no interest *460 in the matter; if all the officers or persons are willing to serve without prepayment of fees, they might legally perform all services necessary without payment in advance, and so far as they are present consenting so to do, such prepayment would be excused.
The effect of the ruling was to require, for the benefit or protection of the plaintiff, that defendant, before the issuing of a venire, should deposit with the justice the sum of $4-25.
This was error, and excused the defendant from depositing with or tendering to the justice or constable the proper amount of fees.
If, however, the ruling of the justice is to be construed merely as terms imposed upon the defendant as a condition precedent to issuing the venire, the .question then arises, what sum is it necessary for a party to pay or tender to a justice upon demanding a jury trial % and what terms may a justice properly impose as conditions precedent to issuing a venire, and postponing the trial until its return %
Neither the justice nor the constable, at any stage of the case, should require prepayment of fees for services probably, but not necessarily, required in the further conduct of the action or proceeding. For instance, when application is made for a summons, the justice must be content with his fee for issuing a summons, although it is highly probable that in the course of the action thus commenced he may be called upon to swear witnesses and enter judgment. These are probable, but not necessary, consequences of the act of issuing the summons.
Again: in the absence of statutory enactments one officer has no right, as a general rule, to demand payment to him of fees belonging to another officer.
It is not, however, to be forgotten that the justice is holding a” court, and that he has the power incident to every court to protect itself from fraud and abuse, *461 and to require parties before it to proceed, not only in good faith, but in such taanner that their good faith is apparent.
Section 2993 of the Code of Civil Procedure provides that: “ The justice must deliver the venire, or cause it to be delivered, to a constable of the county, &c., against whom neither party has any reasonable objection.”
In Rice v. Buchanan (41 Barb. 147) it is held that the venire must be delivered to the constable in the presence of the parties, that each may offer his objections. (The parties to a civil action may of course agree upon a constable, and leave the venire with the justice to be delivered to him.)
From these general premises the answer to the question is fairly reached, viz., That it is the duty of the party demanding a jury trial to pay the justice his fee for issuing a venire (25 cents), and if an adjournment is necessary, the fee for such adjournment (25 cents), and in the presence of the justice, if he requires it, to pay to the constable to whom the venire is given 75 cents for the service of the venire and 10 cents for each juror to be summoned. If the venire is left with the justice to be delivered to a constable agreed upon, the justice may require the fees to be deposited with him for the constable and jurors, to be handed to the officer with the venire.
These conditions maybe reasonably imposed by the justice, and if they are not complied with, he may properly refuse to delay the proceeding, may regard the demand for a jury trial ineffectual and proceed to try the case without a jury.
In this case the justice imposed improper and unwarranted conditions upon the defendant.
It is not necessary to examine the other questions in the case, as, for the error above discussed, the judgment must be reversed.