PEOPLE ex rel. RITZENTHALER v. HIGGINS et al. (Supreme Court, General Term, Fifth Department. June 20, 1894.) No opinion. Motion for leave to appeal to the court of appeals granted. See 28 N. Y. Supp. 458.

PEOPLE ex rel. BINPO v. HOAG, County Treasurer. (Supreme Court, General Term, Second Department. July 27, 1894.) Proceeding on the relation of Peter Binpo against John Hoag, County Treasurer. No opinion. Order affirmed.

PEOPLE v. KARL et al. (Common Pleas of New York City and County, General Term. August 1, 1894.) Motion by Jacob Karl, principal, and Barney Isaacs, surety, for remission of forfeited recognizance. John R. Fellows, for the People. Edward M. Bassett, for defendants. No opinion. Motion granted.

PEOPLE v. MEYER et al. (Common Pleas of New York City and County, General Term. August 1, 1894.) Motion by Thomas Meyer, principal, and Joseph Wanner, surety, to vacate judgment on forfeited recognizance. John R. Fellows, for the People. Henry B. Salisbury, for defendants. No opinion. Motion granted, on the ground that the principal died before recognizance was forfeited.

PEOPLE ex rel. KELLY v. SCOTT et al. (Supreme Court, General Term, First Department. April 13, 1894.) Proceeding on the relation of Thomas J. Kelly against George D. Scott and the examining board of plumbers, etc. No opinion. Order reversed, with $10 costs and disbursements; respondents to file return within 20 days from entry of order hereon.

PEOPLE v. SILVERMAN et al. (Common Pleas of New York City and County, General Term. June 4, 1894.) Motion by Louis Silverman, principal, and Jacob Timble, surety, to vacate judgment entered on a forfeited recognizance. No opinion. Motion granted.

PEOPLE v. ZINS et al. (Common Pleas of New York City and County, General Term. August 1, 1894.) Motion by Morris Zins, principal, and Max Schwartz, surety, to vacate judgment entered on a forfeited recognizance. John R. Fellows, for the People. E. M. Bassett, for defendants. No opinion. Application granted.

PETTEE v. PETTEE. (Supreme Court, General Term, Third Department. July 14, 1894.) Action by Frank H. Pettee against Mary H. Pettee. No opinion. Motion for leave to go to the court of appeals denied, with $10 costs. See 28 N. Y. Supp. 1067.

PFAFF, Respondent, v. REDDICK, Appellant. (Common Pleas of New York City and County, General Term. August 1, 1894.) Appeal from sixth district court. Summary proceedings by Matilda Pfaff against Helen Reddick. R. W. Newhall, for appellant. Straley, Hasbrouck & Schloeder, for respondent.

PER CURIAM. Whatever was promised by the landlord to the tenant before the execution of the lease was merged in that instrument; and as the lease contains a covenant that the tenant will repair, and keep in repair, the premises during the demised term, the fact that the furnace and heater required some cleaning and other repairs in order to heat the premises does not release the tenant from the obligation to pay her rent. The final order should therefore be affirmed, with costs.

QUACKENBOSS, Respondent, v. MARTIN, Appellant. (Supreme Court, General Term, First Department. June 15, 1894.) Action by Nicholas Quackenboss against Grace G. Martin. Herbert H. Gibbs, for appellant. G. W. Weiffenbach, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

QUACKENBOS, Appellant, v. MINTON, Respondent. (Supreme Court, General Term, First Department. April 13, 1894.) Action by Nicholas Quackenbos against Grace C. Minton. G. W. Weiffenbach, for appellant. H. H. Gibbs, for respondent. No opinion. Order reversed, without costs, and case remitted to special term for decision on the merits.

QUIGLEY, Respondent, v. CITY OF ROCHESTER, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by Sophia Quigley against the city of Rochester. No opinion. Order granting new trial appealed from affirmed, with costs of this appeal to the respondent to abide the event. See 27 N. Y. Supp. 1120, mem.

RAMSAY et al., Respondents, v. KEYSTONE GAS CO., Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by George E. Ramsay and others against the Keystone Gas Company. No opinion. Judgment and order appealed from affirmed.

In re RANDALL. (Supreme Court, General Term, First Department. April 13, 1894.) In the matter of Charles L. Randall, committee, etc. No opinion. Order reversed, with $10 costs and disbursements against the respondent personally, and a reference ordered to ascertain the amount of the attorney's claim; the referee to be appointed upon the entry of the order hereon.

RIPLEY v. JAUSSEN. (Common Pleas of New York City and County, General Term. August 1, 1894.) Action by Anna J. Ripley against Virginia Jaussen. J. F. Higgins, for appellant. W. W. Foster, for respondent.

PER CURIAM. Error, merely, does not suffice to support an appeal. To authorize a reversal, the error must have operated prejudicially to the appellant. No possible prejudice here resulted from the judgment rendered, for it merely accomplished what appellant was concededly willing to have occur at the time of the trial. The order must be affirmed, with costs.

ROCHESTER & KETTLE FALLS LAND CO., Respondent, v. DAVIS, Appellant. (Supreme Court, General Term, Fifth Department. June 20, 1894.) Action by the Rochester & Kettle Falls Land Company against R. Irving Davis. No opinion. Judgment appealed from affirmed, with costs, on the opinion of Bradley, J., at special term.