(10 Misc. Rep. 749.)

### EQUITABLE GASLIGHT CO. v. FRENCH.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. APPEAL—HARMLESS ERROR.
    Where defendant, in a district court of New York City, within the time specified by Laws 1882, c. 410, § 1377, in order to entitle him to a jury trial, tenders the jury fee to the assistant clerk, who, through some mistake, refuses to receive it, and he afterwards, before trial, tenders the fee to the clerk, plaintiff is not prejudiced by the action of the justice in allowing a jury trial.

2. JURY—RIGHT TO TRIAL BY—DISTRICT COURT OF NEW YORK CITY.
    The failure of a party to tender fees within the time specified by Laws 1882, c. 410, § 1377, so as to entitle him to a jury trial, does not render it improper for the justice to allow a jury trial, over the objection of the adverse party, since section 1372, as amended by Laws 1891, c. 378, provides that the justice, in the absence of a demand, may, in his discretion, direct a trial by jury.

Appeal from Sixth district court.

Action by the Equitable Gaslight Company against Sarah H. French. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Joseph J. Myers, for appellant.
Abram Kling, for respondent.

BISCHOFF, J. This is an appeal from a judgment rendered in favor of the defendant for dismissal of the complaint upon refusal of the plaintiff to proceed with the action when called for trial before a jury in the court below, the ground of such refusal being that the defendant had failed to comply with section 1377 of the consolidation act (Laws 1882, c. 410), whereby it is provided that, "before a party can be entitled to a jury, he must deposit with the clerk at the time

he demands a trial by jury, the sum of three dollars and the officer's fees for summoning the jury," etc. Upon the return day of the summons the defendant had demanded a jury trial in open court, the plaintiff being present and apprised of such demand; and upon the same day the jury fees were tendered by the defendant to the assistant clerk of the court. Through some misapprehension of the law, this clerk declined to receive the fees, and directed the defendant to pay the same within five days before the trial, at or about which time tender was accordingly made to the clerk of the court, and was refused, as having been made too late. Upon the matter being submitted to the justice, he directed that the sum should be received, and a venire issue. At the trial the plaintiff refused to proceed before the jury, claiming that the defendant's right thereto had been waived by reason of her noncompliance with the statute, and that the justice had exceeded his powers in thus summoning the jury.

It is clear that the appellant was in no way injured by the justice's according this benefit to the defendant in disregard of her failure to comply strictly with the statute in the respect considered, for no claim is made, nor well can be, that proper notice of the defendant's demand for a jury trial was not given. Upon general principles, therefore, this ruling by the justice would be insufficient as the basis of an appeal (Ripley v. Jaussen, 9 Misc. Rep. 474, 29 N. Y. Supp. 1148), but it is claimed, and quite justly, that proceedings in these inferior courts must conform to the statute, and that its violation renders a resulting judgment erroneous (Schwartz v. Wechler [Com. Pl. N. Y.] 20 N. Y. Supp. 861; Becker v. Sitterly, 58 How. Pr. 41). Thus it has been held that a party who has demanded a jury trial in one of these courts has the right to insist that the jury shall be drawn as prescribed by statute, and this despite the fact that no prejudice could have resulted from the particular irregularity. Brisbane v. Macomber, 56 Barb. 376. Also that a party must comply with the statute requiring the payment of jury fees, in order that he may insist upon his right to a trial by jury. Kilpatrick v. Carr, 3 Abb. Pr. 117. But, whatever bearing such authorities might be said to have upon this case by possible analogy, is not of importance, since, by section 1372 of the consolidation act (amended by chapter 378 of the Laws of 1891), it is provided that, in the absence of a demand by the parties, the justice may, in his discretion, direct that trial be had before a jury in any case; the only requirement as to payment of fees being that it shall be then made before rendition of judgment upon the verdict. Therefore, giving to the defendant's failure to comply with section 1377 all of the effect contended for, the parties were but in the same situation as if no demand for a jury trial had been made, and the direction complained of is to be supported as an exercise of that discretion which in this case the justice possessed under the statute, and which in no way appears to have been abused. The judgment is affirmed, with costs.