LEWIS and BRADLEY, JJ., concurred; WARD, J., not sitting.

Order reversed and motion granted, with ten dollars costs and disbursements.

---

90   135
32ap276

MICHAEL BELAPPI, Respondent, *v.* BELLE HOVEY, Appellant.

*Payment of fees to officers named in § 3328 of Code of Civil Procedure — a justice of the peace cannot compel the payment of the jurors' fees before issuing a venire.*

Section 3328 of the Code of Civil Procedure was designed by the Legislature as a protection to the different officers therein named, but in order to avail himself of such protection any such officer is called upon to demand in his own behalf the payment of such fee or fees as he may be entitled to receive for any service he is called upon to render.

A justice of the peace cannot be required to issue a venire without first being paid or tendered his legal fees therefor, but such justice is not entitled to impose as a condition of the performance of any official duty the payment of the fees of any other officer than himself.

In an action commenced in the court of a justice of the peace, issue was joined, at which time the defendant demanded a trial by jury, but the justice refused to issue a venire unless the defendant first paid or secured the fees of the jurors. The defendant having declined to do so, the justice proceeded to hear the plaintiff's evidence and rendered judgment for the plaintiff, the defendant taking no part in the trial.

*Held,* that the justice, in imposing the conditions he did, exceeded his authority, and that the judgment rendered by him should be set aside.

APPEAL by the defendant, Belle Hovey, from a judgment of the County Court of the county of Erie, entered in the office of the clerk of the county of Erie on the 11th day of April, 1895, upon the decision of the court affirming the judgment of a justice of the peace of the town of North Collins, Erie county.

The action was brought to recover the value of labor and services, claimed to have been rendered by the plaintiff to the defendant. Issue was joined before the justice of the peace upon the 4th day of August, 1894, at which time the defendant demanded a trial by jury. The justice before whom the action was pending refused to issue a venire unless the defendant first paid or secured the fees of the jurors. The defendant declined to do either, and the justice proceeded to hear the plaintiff's evidence, the defendant taking no part in the trial. The justice thereupon rendered a judgment in favor of the plaintiff and against the defendant for the sum of thirty-three dollars and twenty-seven cents damages and two dollars and twenty-five cents costs.

*J. M. Congdon*, for the appellant.

*Frank J. Robinson*, for the respondent.

ADAMS, J.:

It is contended by the respondent that the justice before whom the action was tried was justified in insisting, as a condition of the issuing by him of the venire demanded by the defendant, that the fees of the jurors should be either paid or secured, and he rests such contention upon the language of section 3328 of the Code of Civil Procedure, which reads as follows: " A justice of the peace, or a constable, juror or witness before a justice of the peace is not obliged to render any service specified in this title without the previous payment or tender of his fee therefor."

It is obvious, I think, that this section was designed by the Legislature as a protection to the different officers therein mentioned; but it is equally obvious that, to avail himself of such protection, the officer named is called upon to demand, in his own behalf, the payment of such fee or fees as he may be entitled to receive for any service he is required to render.

To illustrate, a justice of the peace could not be compelled to issue

a venire without first being paid or tendered his legal fee therefor; nor could a constable be required to execute such process unless a demand for the payment of his fee should be properly met. And this is true of individual jurors, but it does not appear by the express language of the section under consideration, nor will it bear the construction, that a justice, or any other of the officers therein mentioned, is entitled to impose, as a condition of the performance of any official duty, the payment of the fees of any other officer than himself. Were a different rule to obtain, then a justice, before issuing a summons, might insist that the constable's fee for the service thereof should be first paid, or, before issuing an execution, he might require the judgment creditor to pay or secure the fees of the officer to whom that process was issued, although in either case no such condition was insisted upon by the officer for whom the protection of this section was designed.

It is undoubtedly true that defendants frequently avail themselves, in an action brought before a justice of the peace, of the provisions of the statute giving them the right to a trial by jury, merely for the purpose of delay and annoyance; but, nevertheless, the right is one which is statutory in its character, and, therefore, it cannot be abridged by the courts in any other manner that is provided by the statute, however desirable it may be to curtail the practice above adverted to. And inasmuch as it has been shown that the justice, in imposing the conditions he did, exceeded any authority which the statute gives him, his action was clearly erroneous, and requires that the judgment rendered by him should be set aside.

The view which we take of the law in this case renders it unnecessary to consider whether or not the evidence taken before the justice was sufficient to sustain the judgment.

The judgment of the County Court as well as that of the justice of the peace, consequently, should be reversed.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment of the County Court and that of the Justice's Court reversed.