### JUDSON et al. v. HAVELY.

(Fulton County Court. July Term, 1899.)

1. JUSTICES OF THE PEACE—DEMAND FOR JURY TRIAL—PREPAYMENT OF FEES.

The amendment to Code Civ. Proc. § 2990, which went into effect September 1, 1897, requiring a party demanding a trial by jury before a justice of the peace to deposit the fees for the constable and jurors, does not affect the provision of section 3328, which authorizes a justice, constable, juror, or witness to demand his fees in advance; and under such provision, on a demand for trial by jury, the justice may demand his fees for issuing the venire, in addition to the amount required to be deposited by section 2990, and, if not paid, he may refuse to issue a venire, and proceed as if a jury trial had not been demanded.

2. SAME—APPEAL—SUFFICIENCY OF EVIDENCE.

Where, on a trial before a justice, defendant is represented by counsel, who makes no objection to the character of plaintiff's evidence, nor claim that it is insufficient to warrant a recovery, it will be held sufficient to sustain the judgment on appeal.

Appeal from justice court.

Action before a justice of the peace by John B. Judson and Alvah H. Rogers against Merwin Havely. Judgment for plaintiffs, and defendant appeals. Affirmed.

D. H. McFalls, for appellant.
Wm. E. Keith, for respondents.

KECK, J. The appellant contends that he was improperly deprived of his right to a trial by jury by the refusal of the justice to draw one unless his fee of 25 cents for a venire was prepaid, in addition to the amount which had been paid to him by the defendant in accordance with the requirement of section 2990 of the Code of Civil Procedure. The return sets forth that an issue of fact was joined; also that "the defendant pays into court the sum of $3.60, and demands a jury; that the $3.60 is offered for the purpose of paying $1.50 for notifying the jury, and $2.10 for the purpose of paying the jurors' attendance in listening to the trial, and for the jurors that would attend, and not be obliged to serve. The court demands, before the drawing of the jury, that his fee of 25 cents for issuing venire be paid, which the defendant refuses to do. The court refuses to issue a venire until the fees are paid." The fee of 25 cents not having been paid, the justice proceeded to trial without a jury, and rendered the judgment appealed from in favor of the plaintiff. If the justice was entitled to the prepayment of his fee, which he demanded, and such demand was not prematurely made, then the judgment should be affirmed; otherwise, reversed. The various sections of the Code of Civil Procedure fixing the fees of justices of the peace,

and regulating the practice in justice's court, are the same now as they were prior to September 1, 1897, excepting section 2990, which was amended, and, as amended, took effect on that day. The extent and effect of such amendment will be noticed hereafter, in so far as it has any bearing upon the case under consideration. It is provided by section 3328 of said Code that "a justice of the peace, or constable, juror or witness before a justice of the peace, is not obliged to render any service above specified, without the previous payment or tender of his fees therefor"; and by section 3322, which fixes the different items of justices' fees, and which is within the provisions of the section quoted, that "for a venire" a justice is entitled to a fee of 25 cents. From these provisions it is clear that, if this case had arisen before September 1, 1897, the justice could legally have required the prepayment of his fee of 25 cents for the service in preparing and issuing a venire, and on refusal could have proceeded the same as if a jury trial had not been demanded. Belappi v. Hovey, 90 Hun, 135, 35 N. Y. Supp. 624; Powens v. Jones, 10 Abb. N. C. 458. It is contended by the appellant's counsel that the amendment to section 2990, which went into effect September 1, 1897, changed this rule as to prepayment of fees, but such contention cannot be sustained. Prior to September 1, 1897, section 2990, so far as material here, was as follows:

"At the time when an issue of fact is joined either party may demand a trial by jury, and unless so demanded at the joining of issue a jury trial is waived."

To this was added, by the amendment, the following, viz.:

"The party demanding a trial by jury shall thereupon pay to the justice the statutory fees for the attendance of each person to be summoned, and for the jurors to serve upon the trial, and also the fees to which the constable is entitled for notifying the persons to be drawn as jurors. The fee so deposited shall be delivered by the justice to the constable serving the venire, and by him shall be paid out as required by law. In default of a deposit as aforesaid the justice shall proceed as if no demand for trial by jury had been made."

Now, the statutory fees here referred to and to be deposited are those mentioned in section 3326 of the Code, which provides that "a person notified to attend as a juror is entitled to 25 cents for attending and serving upon a trial of an action  *  *  *  before a justice of the peace, and 10 cents for attending to serve where he is not sworn"; and also those in section 3323, regulating constable's fees, which provides that "for notifying the persons to attend a trial, one dollar and fifty cents," and no others. By this amendment no changes whatever were made in the amount of fees to be paid to the different officers or persons entitled to such fees, nor in the time of the payment thereof, excepting as to those items therein mentioned. One of the purposes, doubtless, was to protect the constable and persons summoned to attend as jurors against imposition by impecunious litigants, who, before its enactment, could obtain the services without payment. Its effect or operation was not such as to repeal or set aside any of the provisions of the Code then in existence fixing the fees of magistrates, or regulating the practice in justices' courts. It is true that by section 2991 of the Code it is provided that, "when

a trial by jury is duly demanded, the justice must forthwith openly draw twelve ballots from a box  *  *  *  containing the names of persons who are returned as jurors  *  *  * to attend and try the cause," etc.; and by section 2993 that "the justice must insert the names of the jurors so drawn in a venire, and deliver or cause it to be delivered to a constable of the county," etc.; but these consecutive steps to be thus taken by the magistrate before reaching that stage of the case when he is commanded to insert the names of the jurors so drawn into the venire do not abridge his right to demand the prepayment of his fee for his service in preparing the venire in which such names are to be inserted, and issuing it, and, if not paid, he may refuse to go on in his preparation for a jury trial, but proceed as if no jury trial had been demanded, notwithstanding the deposit with him of the items of fees provided for by the amendment above quoted. The fee for the service for preparing and issuing a venire is one of the items of fees included in the provisions of section 3328, above referred to, and need not be rendered by a justice without previous payment thereof by the party asking the service, if its payment is required; and such requirement may very properly be made by the justice when a trial by jury is demanded, accompanied with the payment of the amount of money, as mentioned in section 2990; and, if such fee is not paid, he can proceed with the action the same as if a jury trial had not been demanded. The refusal, therefore, of the justice to proceed to draw a jury, after refusal by the defendant to pay his fee for issuing a venire, was not error calling for a reversal of the judgment.

The appellant rests his case here entirely upon the point discussed, but, if there are other errors in it requiring a reversal, he would be entitled to that disposition of it. An examination of the return discloses the fact that the case as made by plaintiff was not strong in some respects, but as it also appears that the defendant was represented by his counsel, who took part in the trial, but raised no objection to the character of the testimony, nor made claim that the plaintiff had failed to make a case justifying a recovery, it must be held to be sufficient to sustain the judgment (Smith v. Hill, 22 Barb. 656), which must be affirmed, with costs; and an order is directed to be made accordingly.