THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ORVILLE PICKERT, Defendant.

(County Court, Cortland County, January, 1899.)

1. Crimes — Jury — Juror improperly excused out of court.

    Where the panel of jurors is exhausted at a criminal trial and talesmen have to be summoned, some of whom are known by the constable to be hostile to the accused, the action of the magistrate in having excused, out of court and before the trial, one of the original jurors summoned, is an error which prejudices the accused.

2. Same — Sealed verdict illegal.

    A sealed verdict is a form of procedure which is inadmissible in a criminal case.

3. Same — Interference of magistrate with the deliberations of the jury.

    *Semble*, that the conduct of a magistrate who, after having been sent for by a jury, merely went into their room which was the court room, asked them if they had agreed and, upon being informed that they had not, withdrew without giving them any instructions, is not an improper interference with the jury during their deliberations.

APPEAL from a judgment of a Court of Special Sessions, convicting the defendant of public intoxication.

Edwin Duffey, district attorney, for People.

Bronson & Davis, for defendant.

EGGLESTON, J.   In a Court of Special Sessions, by the verdict of a jury, the defendant was convicted of public intoxication, and by the magistrate sentenced to the penitentiary.

An appeal was taken from the judgment of conviction for alleged errors committed upon the trial.   At the time of arraignment, upon the request of the defendant, a *venire* was issued by the magistrate and twelve jurymen were duly summoned by the constable having the *venire*.   Between the time of the issuing of the *venire* and the adjourned day for trial, one of the jurymen summoned came to the magistrate, and making an excuse why he could not serve as a juror upon the adjourned day, was excused by the magistrate.

This excuse was made and the juryman excused outside of court.

It is urged upon the part of the defendant that this is error calling for the reversal of the judgment of conviction.

Additional force is added to this criticism, upon the ground that at the time of trial the entire panel of jurymen were exhausted, and it became necessary to summon talesmen.   This was done, and it is claimed upon the part of the defendant that the officer who summoned the talesmen, summoned persons who were known to be hostile to the defendant.   In fact, the officer himself states in an affidavit that he did summon talesmen who were known to be hostile to the defendant.

The jury was made up of five men who were summoned upon the original panel, and of one man who was summoned as a talesman, so that it will be seen that the excusing of the juror by the justice might have worked an injury to the defendant, as possibly the jury might have been completed from the panel without the necessity of summoning talesmen.

It was error for the magistrate to excuse the juror out of court, and he had no legal right to do so at that time.   It is urged upon the part of the People that no objection was made upon the trial to the fact that the magistrate excused the juror, and for that reason, that if any error was committed in that respect, it is now too late to successfully put that question in issue.

The defendant has the right upon the appeal to review the action of the magistrate, and is not to be deprived of that right from the fact that he did not properly object to it at the time.   Jurors when summoned should not be excused by the magistrate outside of court, and to do so would lead to many complications in the trial of cases, where, if the excuse were heard in court, they could

8

be avoided. Certainly the latter course would be subject to no criticism; it would be fair to all parties, while to pursue the former course would be very unfair indeed.

It will hardly avail the opposing party to say that it does not positively appear that any serious injury was occasioned to the defendant, nor would it be made necessary for the defendant to show in all cases that he has been injured thereby. It is enough to show that injury might have been occasioned by such error, and that the course pursued does not receive the sanction of the court as followed for many years.

But here we have the fact that the officer did summon talesmen who were hostile to the defendant, so that it cannot be said the defendant has not been injured by the act of the magistrate.

In the work of obtaining a jury every safeguard is thrown around the same, and it is incumbent upon the court to see that every act connected with the drawing and impanelling of the jury is done, so far as it may be done, in open court, so that there may be no criticism surrounding its action, and there seems to be no authority for allowing a court to excuse a juror other than in time of court.

Another objection is urged against this judgment, and it is one that is worthy of consideration. After the submission of the case the magistrate directed the jury that if they should come to an agreement, they might seal their verdict and bring it into court the next morning, and the jury, after arriving at an agreement, signed and sealed their verdict, which was rendered in the court as directed. The jurors then separated going to their homes, coming back in the morning.

It has been the practice of courts to so carefully guard the verdicts of juries in criminal cases, that no provision has been made by law permitting the rendition of a sealed verdict in a criminal case. In courts of record it has uniformly been the practice that the jurors should remain together until they had agreed upon their verdict or were discharged by the court, and that they should not be permitted to separate until they had rendered their verdict in court, and delivered the same to the court without separation.

This seems to be a wise precaution which has been followed by the courts for many years, and while there is some authority outside of this state for the receiving of sealed verdicts in criminal cases, there seems to be no authority for it in this state, and this course so uniformly followed for many years should not be deviated from.

There are obvious reasons why jurors in criminal cases ought not to be permitted to separate before delivering their verdict to the court or having it received in court.   As is usual in criminal cases, there is much interest in the verdict of the jury.   Excitement runs high, bitter feelings are often engendered, curiosity is excited, and if jurymen were permitted to separate before the delivery of their verdict to the court, and mingle with the people, outside influences might be brought to bear upon them to change their verdict, and this certainly would present new complications which ought to be avoided by every possible precaution.

Courts have ever jealously guarded the action of juries in criminal cases.   It has never permitted inconvenience to the court to stand in the way of receiving the verdict in the court, and it is not an unusual thing to have verdicts in criminal cases taken at any hour of the day or night rather than to permit the jury to separate, and juries have many times been kept together during the night rather than permit them to seal their verdict and separate and then bring it into court.

This is peculiarly true of the practice of the courts in this state, a rule that has been rigorously adhered to, and no authority has been shown why it should be deviated from in this case.

While it may be said that no injustice has been shown the defendant by reason of the fact that the jury were permitted to seal their verdict and separate and then bring it into court, yet that fact will hardly warrant so great an innovation to be made in the practice in criminal cases, nor is it incumbent upon the defendant to show that he had been injured thereby before he can avail himself of this objection.

It seems to me that this was clearly error upon the trial of this case, and is a fatal objection to the sustaining of the judgment.

A further objection is urged against the validity of the judgment.

While the jury were in charge of the constable and during their deliberation, the magistrate being sent for, went to their room at the request of the constable in charge, and to quote the language of the justice, he said:   " Boys, you have agreed upon your verdict, have you? "   They replied, " No, that they wished instructions; I replied that I had no right to be in their presence until they had agreed on the verdict, and immediately withdrew."

It is difficult to see how the fact that the magistrate went to the room of the jury could work any injury or injustice to the defendant.   As is the case in most Courts in Special Sessions in country towns, the conveniences for the holding of the court and the con-

finement of the jury are meagre, and undoubtedly the only room that was at the disposal of the court and jury was the one in which the trial was had, and upon the closing of the trial the room was occupied by the jury. It is difficult to say what else the justice could have done in the matter than he did do, and yet have been fair to the jury, as he was not informed whether they had agreed or not upon their verdict, and simply asked them the one question. This action of the magistrate would seem to have been entirely harmless and not subject to criticism.

Attention has been called by the counsel for the defendant to the case of High v. Chick, 81 Hun, 100, as an authority controlling in this case, showing it to be error for the justice to do what he did in the presence of the jury. In the case referred to it will be observed that the justice went into the jury room at that time against the objection of the attorney for the defendant; that he went into the room alone, closed the door and answered a question in respect to the effect of the verdict if one should be rendered, and then left the jury to their further deliberations. The attorneys were at that time where they might have been called in by the justice and anything that was said to the jury by him might have been said in their presence and no criticism would have been made to that.

In this case the situation was quite different as it does not appear that the attorneys were present or where they could have been called. It was about 2 o'clock in the morning. The justice had been sent for by the jury, and in the presence of the constable asked the jury if they had agreed upon their verdict, and when informed they had not, he said he could say nothing more to them.

Certainly, there isn't any criticism to be offered as to the action of the magistrate in this respect.

While it is true that a magistrate ought not to go into the presence of the jury during its deliberation of the case without the presence of the defendant or the counsel for the respective parties when the same can be obtained, yet I do not think that this case is subject to the criticism offered in the case cited by the defendant's counsel. Here the justice did not exclude any person from going in with him, and undoubtedly the attorneys did not go in with him for the reason that they had gone to their homes. At least, it does not appear that they were present and it is not claimed that they were there present. The justice was waiting for the verdict of the jury; it was 2 o'clock in the morning; he had been sent for to come to the

room; he went there and asked them if they had agreed upon their verdict.    He might have asked the constable that question without going to the room; yet he asked simply that question and retired.

It would perhaps have been better had the justice remained away from the jury room entirely, . ascertaining from the constable whether the jury had agreed upon their verdict.    Still the request had come to him from the jury that he should come into their presence, and courtesy simply called upon him to do what he did in the matter.    There was no protest upon the part of anyone against the justice going to the jury room; so that it will be seen that this case is not subject to the criticism made in the case of High v. Chick, *supra,* the reasoning of which case seems to go as far as warranted by the facts upon that question.

However, this last question is not controlling in this case for the reason that upon the other grounds stated, judgment should be reversed.

For the reasons stated, the judgment of conviction rendered must be reversed.

Judgment reversed.