THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.*
    WILLIAM C. DAMRON, Respondent.

Crimes — larceny — People may appeal from order reversing
conviction — trial — challenge to the panel — unconstitutionality
of chapter 564 of Laws of 1902 — statutes applicable to special
juries in Kings county.

1. The People have the right to appeal from an order reversing,
on an error of law only, a judgment of conviction of the crime of
grand larceny, and they are not required to give a stipulation for
judgment absolute.

2. A material departure to the prejudice of the defendant from
the forms prescribed by the statute under which the jury was
drawn is a sufficient foundation for a challenge to the panel, not-
withstanding the provision of section 362 of the Code of Criminal
Procedure that "a challenge to the panel can be founded only on a
material departure, to the prejudice of the defendant, from the
forms prescribed by the Code of Civil Procedure and the Judiciary
Law *  *  *."

3. Chapter 564 of the Laws of 1902, entitled "An act in relation
to jurors, and to the appointment and duties of a commissioner of
jurors in the county of Kings," is a local act providing for selecting
and drawing petit jurors and so within the constitutional prohi-
bition against the passage of local bills relative to the selection of
jurors. (N. Y. Const. art. 3, § 18.)

4. The provisions of chapter 602 of the Laws of 1901, as amended
by chapter 458 of the Laws of 1904, respecting the drawing of special
juries, are applicable to Kings county.

5. A challenge to the panel on the ground that the day specified
in the order on which the jurors were required to attend court was
less than five days after the day specified in said order for the draw-
ing of a special jury, while the statute (L. 1904, ch. 458) provided for
an interval of at least five days between the days upon which said
jurors were drawn and were required to attend, was properly dis-
allowed. The requirement was not for the benefit of the defendant,
and the omission to observe it could not have prejudiced him in any
way. It was solely for the convenience of the special jurors.

6. The provision of the statute (L. 1901, ch. 602) that "the order
must specify the time when the drawing of such special jury shall
take place" is clearly designed for the benefit of the defendant, and

where an order prescribed that a special jury should be drawn at ten A. M. of a designated day and the jurors were drawn at nine A. M., which variance is attacked directly and seasonably by a proper challenge to the panel, it is neither technical nor unsubstantial, and the challenge should be allowed.

*People* v. *Damron*, 160 App. Div. 424, affirmed.

(Argued June 17, 1914; decided July 14, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 31, 1913, reversing a judgment rendered at a Trial Term for the county of Kings upon a verdict convicting the defendant of the crime of grand larceny in the first degree and granting a new trial.

The facts, so far as material, are stated in the opinion.

*James C. Cropsey, District Attorney,* for appellant. There is no merit in defendant's challenge to the panel of jurors. The trial court properly overruled it. The reversal by the Appellate Division, which was based solely upon this point, was erroneous. (*Gardiner* v. *People*, 6 Park. 155; *Gardiner* v. *State*, 26 Atl. Rep. 30; Thompson on Trials [2d ed.], § 33; Thompson & Merriam on Juries, §§ 134–143; *People* v. *Kiernan*, 101 N. Y. 618; *People* v. *Supervisors*, 125 Ill. 334; *Wilhelm* v. *People*, 72 Ill. 468; *People* v. *Hall*, 169 N. Y. 184; *Cox* v. *People*, 80 N. Y. 500; *People* v. *Petrea*, 92 N. Y. 128; *Friery* v. *People*, 2 Keyes, 424; *Dolan* v. *People*, 64 N. Y. 485; *Ferris* v. *People*, 35 N. Y. 125; *People* v. *Burgess*, 153 N. Y. 561.)

*John J. Curtin* and *H. Randolph Guggenheimer* for respondent. It was error to overrule defendant's challenge to the panel submitted at the opening of the case, because there was no issue raised at the time of the challenge either as to its truth or its sufficiency and hence both stand admitted as a matter of law. (Code Crim. Pro. §§ 363–368; *Cancemi* v. *People*, 18 N. Y. 128; *Gardner* v. *Turner*, 9 Johns. 260; *McCloskey* v. *People*, 5 Park.

17

308; *People* v. *McQuade*, 110 N. Y. 284; *Schintz* v. *Morris*, 35 S. W. Rep. 516; *State* v. *Bergman*, 34 N. W. Rep. 737; *McDermott* v. *Halleck*, 69 Pac. Rep. 355; *Columbus, H. V. & T. Ry. Co.* v. *Thurston*, 9 N. E. Rep. 232; *Nat. Bank of Syracuse* v. *McKinstry*, 2 Hun, 445; *Hall* v. *Sanders*, 27 Kan. 538.) Even if the challenge had been excepted to, as required by the Code, the facts therein alleged were actually sufficient as a matter of law. (*Mayor* v. *Walker*, 4 E. D. Smith, 258; *People ex rel. Alcott* v. *House of Refuge*, 22 App. Div. 254; *People ex rel. Kingsland* v. *Palmer*, 52 N. Y. 83; *People* v. *Deming*, 13 How. Pr. 441; *Hankins* v. *Mayor, etc., of N. Y.*, 64 N. Y. 18; *Van Rensselaer* v. *Snyder*, 13 N. Y. 299; *People ex rel. Woods* v. *Crissey*, 91 N. Y. 616; *Marks* v. *State*, 97 N. Y. 572; *Kilborn* v. *Supervisors, etc.*, 137 N. Y. 170; *Wood* v. *Supervisors, etc.*, 136 N. Y. 403; *People* v. *Koenig*, 9 App. Div. 436.)

WILLARD BARTLETT, Ch. J. The order of reversal in this case is based on an error of law only, the Appellate Division "having reviewed the facts herein and being satisfied with the judgment in that respect." The People have the right to appeal from such an order and they are not required to give a stipulation for judgment absolute. (Code Crim. Proc. § 519; *People* v. *Miller*, 169 N. Y. 339; *People* v. *Gaffey*, 182 N. Y. 257.)

At the outset of the trial the defendant interposed a challenge to the panel of special jurors. Although no formal exception to the challenge (which would be equivalent to a demurrer) was entered by the district attorney, as prescribed in section 364 of the Code of Criminal Procedure, it is evident that the court proceeded with the assent of the parties precisely as though the district attorney had duly excepted, and the challenge was disallowed. This ruling constitutes the error for which the judgment has been reversed.

The challenge was based on two grounds: (1) That the

panel of special jurors drawn pursuant to an order of the Supreme Court made on the 16th day of January, 1913, was not drawn in accordance with section 5 of chapter 602 of the Laws of 1901, as amended by chapter 458 of the Laws of 1904, in that the day specified in said order and on which the said jurors were required to attend court was less than five days after the day specified in said order for the drawing of said special jury; and (2) that said jurors were not drawn as provided in the aforesaid order of January 16, 1913, in that they were drawn at 9 o'clock A. M. on January 18, 1913, instead of being drawn at 10 o'clock A. M. as commanded by said order.

The Appellate Division deemed the first ground untenable, but thought that the challenge should have been allowed on the second ground.

In the dissenting opinion below a doubt is suggested as to whether there is any statutory basis for such a challenge to the panel as was here interposed. The Code of Criminal Procedure (§ 362) provided: "A challenge to the panel can be founded only on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure and the Judiciary Law in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn." The variances alleged and admitted to have occurred in the present case were departures from statutes other than the Code of Civil Procedure and the Judiciary Law. Similar challenges to the panel, founded upon other statutes than those specified in section 362, have been treated as properly interposed, however, in cases which have come to this court (*People* v. *Hall*, 169 N. Y. 184; *People* v. *Ebelt*, 180 N. Y. 470); and I think it may be regarded as settled that a material departure to the prejudice of the defendant from the forms prescribed by the statute under which the jury was drawn is a sufficient foundation for a challenge to the panel.

In order clearly to understand the disposition of the case by the Appellate Division it is necessary to trace the progress of legislation affecting special jurors in Kings county from the enactment of chapter 602 of the Laws of 1901. That statute was a general law entitled "An Act to provide for the appointment of a commissioner of jurors and to provide for a special jury in civil and criminal actions in each county of the State having a population of one million or more, according to the last preceding Federal census." The first section provided for the appointment of a commissioner of jurors in each such county by the justices of the Appellate Division of the Supreme Court in the department in which the county was situated. The second section provided that the commissioner of jurors in each such county should select from the persons qualified to serve as trial jurors such number of persons to serve as special jurors as the justices of the Appellate Division should from time to time direct. Further on in the statute provision was made for ascertaining the qualifications of special jurors; and section 5 prescribed the conditions under which application might be made to the court for a special jury to try a civil or criminal case, and the form of order if the application was granted. "The order must specify the time when the drawing of such special jury shall take place and the number of special jurors to be then drawn, the term of the court and the particular day in the term when such special jury must attend."

The attempt to confer the power of appointing the commissioner of jurors for Kings county (who had been a county officer since 1858) upon the justices of the Appellate Division was speedily assailed as unconstitutional, and with success. In *Matter of Brenner* (170 N. Y. 185) this court held that chapter 602 of the Laws of 1901, in so far as it transferred the appointment of the commissioner of jurors to state authorities was in violation of section 2 of article X of the Constitution. This decision was ren-

dered on March 14, 1902; and on April 11, 1902, chapter 564 of the laws of that year was enacted, entitled "An Act in relation to jurors, and to the appointment and duties of a commissioner of jurors in the county of Kings." After providing for the appointment of such commissioner by the county judges and surrogate of Kings county, and for the organization and administration of his office, this law repealed the provisions of the act of 1901 in reference to special jurors and special juries and repealed all general and special laws in conflict therewith. Notwithstanding this special enactment, the legislature in 1904 amended the general act of 1901 by adding to section 5, relating to the order for a special jury, a requirement that "the day so specified for the attendance of the special jury must * * * be at least five days in addition to any Sunday, holiday or half holiday, after the day specified for the drawing of the special jury." (Laws of 1904, ch. 458.)

In 1909, on an appeal in a civil action from an order denying a motion for a special jury, the Appellate Division of the second department was called upon to determine what law regulated the selection and summoning of special jurors in Kings county. (*Coler* v. *Brooklyn Daily Eagle*, 133 App. Div. 300, 301.) The Constitution forbade the legislature from passing any private or local bill for selecting, drawing, summoning or impaneling grand or petit jurors. The act of 1902 was a local act which provided for selecting and drawing petit jurors, although not open to any constitutional objection so far as the provision for the appointment of a commissioner of jurors was concerned. The court expressly refrained from deciding whether it might not be sustained as virtually an amendment to an existing act, under the doctrine suggested in *People* v. *Petrea* (92 N. Y. 128), "for the reason that there is a general act, containing similar provisions respecting the drawing of special juries, which is applicable to Kings county if the particular provision of the statute in

question relating to that subject be deemed to be invalid * * * The general act above referred to is chapter 602 of the Laws of 1901, as amended by chapter 458 of the Laws of 1904."

This decision in *Coler* v. *Brooklyn Daily Eagle* (*supra*) must have escaped the attention of the Appellate Division on the present appeal, for we can hardly suppose that it was the intention of the judges to overrule it without mentioning it, yet they have adopted a directly contrary view, both in the prevailing and dissenting opinions, holding that the law concerning special jurors in Kings county is to be found in chapter 564 of the Laws of 1902 and not in chapter 602 of the Laws of 1901 as amended by chapter 458 of the Laws of 1904.

I agree with the conclusion reached in the earlier case. There is no pretense that the act of 1902 was reported to the legislature by commissioners to revise the statutes and so without the constitutional prohibition against the passage of local bills relative to the selection of jurors.

If this view is correct, the order for a special jury in the present case should have provided for an interval of at least five days between the day when the special jurors were to be drawn and the day upon which they were required to attend. (Laws of 1904, ch. 458.) I think the courts below were right, however, in holding that the challenge to the panel on this ground was properly disallowed. The requirement was not for the benefit of the defendant, and the omission to observe it could not have prejudiced him in any way. It was solely for the convenience of the special jurors.

As to the other ground of the challenge, namely, the drawing of the special jury *before* the hour designated therefor in the order, the case is very different. The command of the statute is that the order *must* specify the time when the drawing of such special jury shall take place. This is clearly designed for the benefit of the defendant. Without notice of the actual time of the

drawing he is deprived of any means of knowing whether it is properly conducted or not, or indeed whether there has in fact been any drawing at all. "It is plain," said ANDREWS, J., in *People* v. *McQuade* (110 N. Y. 284, 294), "that every statutory provision intended for the benefit of the accused confers a substantial right which cannot be disregarded without his consent." While the learned judges who dissented in the Appellate Division are right in insisting that the departure from the forms prescribed by law must be shown by the challenge to have been prejudicial to the defendant, I think that such prejudice is sufficiently alleged by the simple averment that the special jury was drawn an hour too early. Such a variance, serious as it is, doubtless might be disregarded if it had passed unnoticed until after conviction, without objection or remonstrance; but when it is attacked directly and seasonably by a proper challenge to the panel it is neither technical nor unsubstantial. To treat it as such would be virtually to repeal the statutory provision which entitles the defendant to know, by means of the order for the drawing, the actual time when the special jury is drawn. His deprivation of this right cannot be sanctioned on the assumption that he may have consented to the earlier hour or may not have intended to be present at the drawing in person or by counsel. If such had been the fact, it should have been made to appear by the district attorney in a denial of the challenge. As the case stood the facts alleged as the second ground of the challenge imported material prejudice to the rights of the defendant and the challenge should have been allowed.

For these reasons I think that the order of the Appellate Division reversing the judgment and directing a new trial should be affirmed.

WERNER, CHASE, COLLIN and HOGAN, JJ., concur; CUDDEBACK, J., not voting; CARDOZO, J., dissents.

Order affirmed.