THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARION
BRODLOWICZ, Appellant.

County Court, Erie County, April 5, 1944.

*Harold G. Conger* for appellant.

*Leo J. Hagarty, District Attorney* (*Maurice Frey* of counsel),
for respondent.

WARD, J. This is an appeal from the conviction of the defend-
ant for a violation of section 244 of the Penal Law, entitled
" Assault in third degree ", after a jury trial held before a
Justice of the Peace of the Town of Cheektowaga in this county.
The basis for the appeal is " the alleged improper impaneling
of prospective jurors contrary to the statute in such case made
and provided."

It appears that on October 1, 1943, the defendant was duly
arraigned in the presence of his attorney who demanded a jury
trial. The Justice had a qualified list of jurors, which had been
filed with him by the Board of Assessors, containing one hun-
dred names. The Justice asked the defendant's attorney " if

there were any particular method that he wanted used to choose the panel of jurors,'' and the Justice '' suggested that the names be chosen by the attorney calling out any number from one to a hundred, or by choosing every second or fifth or any other number from the list.'' The attorney objected and asked that the procedure prescribed by the proper statutes be followed. Thereupon, the Justice and the local Chief of Police, '' wrote the numbers from one to a hundred on several slips of paper, and the slips bearing the numbers were put into a paper box.'' The names on the list were also numbered from one to a hundred consecutively. The Justice '' then chose, unseen, about twenty slips from the box, and the names with the numbers corresponding to the numbers chosen were picked as the jury list.'' At that time, the attorney for the defendant objected generally to the procedure, stating that it was contrary to statute. The objection was overruled and exception taken.

The importance of the right to trial by jury is attested by the arrangement and language of the Constitution of this State. The Bill of Rights found in section 2 of article I, entitled '' Trial by jury; how waived '' states, in part: '' Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever * * *. A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punish able by death,'' by a written instrument and with certain formalities according to law.

The inevitable implication of this language is that the citizen is not only entitled to the trial by jury in all cases in which it has been heretofore used, but that in criminal cases it can only be waived under very precise circumstances.

From time immemorial a common-law jury has consisted of twelve men and none of the Constitutions of this State have ever prescribed the qualifications of jurors. This common-law jury was always drawn by some process, in which the final right of selection is preserved to the citizen, and which is necessarily a matter to be regulated by statute. (*People* v. *Cosmo*, 205 N. Y. 91, 99.)

Courts of special sessions, as held by the Justice of the Peace in this case (see Code Crim. Pro., § 62) have existed since 1744, and have been continued both under the colonial and State Government to the present time. No jury was permitted in these courts until 1824, when the Legislature provided for a jury of six, if demanded by the accused. (*People ex rel. Murray* v. *Justices,* 74 N. Y. 406, 407, 408. See Code Crim. Pro., § 10.) **The**

provision in the Constitution giving a party a right of trial by jury does not apply to the petty offenses triable before a court of special sessions. (*People ex rel. Comaford* v. *Dutcher,* 83 N. Y. 240, 244.)

The office of justice of the peace came down to use from early times. It existed in England before the discovery of America, and it existed here for the most part during our entire history, both colonial and State, at first with criminal jurisdiction only, but also, for more than two centuries last past, with civil jurisdiction. (*People ex rel. Burby* v. *Howland,* 155 N. Y. 270, 276.)

Today, our Constitution makes the justice of the peace a " constitutional officer," and provides in section 17 of article VI, in part, that: " The electors of the several towns shall, at their annual town meetings, or at such other time and in such manner as the legislature may direct, elect justices of the peace, whose term of office shall be four years   *   *   *.   Their number, classification and duties shall be regulated by law," and in section 18 of article VI, in part, that: " Courts of special sessions and inferior local courts of similar character shall have such jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the legislature may authorize them to try such offenses without a jury."

Accordingly, the manner of summoning a jury by courts of special sessions has been prescribed by the Legislature in section 703 of the Code of Criminal Procedure: " If a trial by jury be demanded, the court must forthwith draw from the box or other receptacle kept and used in accordance with the requirements of the justice court act, relative to the drawing of jurors in justice courts in civil cases, not less than twelve nor more than twenty of the ballots provided for in article eleven of the justice court act to be kept and used by justices of the peace in civil cases. If a person whose name thus drawn, shall, in the opinion of the court, reside more than three miles from the place where the said issue is to be tried, the court may set aside such juror, and in that case draw another ballot, and so can continue until twelve be drawn to serve as jurors. The court must thereupon insert the names of the persons so drawn in an order directed to any constable of the county, or marshal or police officer of the city or village where the offense is to be tried and having authority to execute process of the court, commanding him to summon the persons therein named to appear before the said court at a time not more than three days from the time of the making of said order, unless the trial of said issue be longer adjourned by consent and at a place named

therein, to constitute a jury for the trial of the alleged offense. It shall be the duty of every town or city clerk in this state, within ten days after the taking effect of this act, to make and deliver to every recorder, police justice, or other judicial officer having authority to hold courts of special sessions in their respective towns or cities in accordance with the provisions of this title (Part V, Title I), a certified copy of the jury list as is now required by article eleven of the justice court act to be furnished by them to the justices of the peace of their various towns and cities for the drawing of jurors in civil actions, and any such clerk neglecting or refusing so to do shall be deemed guilty of a misdemeanor. The boxes or other receptacles now used by justices of the peace for the purpose of drawing jurors in civil cases shall be used by them for drawing jurors to serve in courts of special sessions as herein provided, and recorders, police justices and other judicial officers empowered to hold such courts of special sessions, as provided by this title, are hereby required to procure and use the same in the manner provided by this section.'' (The county of Nassau is excepted.)

Trial courts are cautioned not to attempt by judicial decision to expand statutes beyond their text. (*Matter of Leary,* 175 Misc. 254, affd. 285 N. Y. 693.) The Legislature possesses the power to make such laws for the procuring and impaneling of a jury as it may deem expedient, limited only by the constitutional duty to preserve the right to trial by an impartial jury. (*Stokes v. People of the State of N. Y.,* 53 N. Y. 164, 173.) In cases of doubtful construction, or of conflicting statutory provisions, that interpretation and construction should be adopted which best protects the rights of a person, charged with an offense, to a trial according to the common law. (*People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190, 197.) The jurisdiction of a justice of the peace is limited to that expressly granted by the Constitution and by statute, and nothing may be read into their text by implication. (*Kellam* v. *McLean,* 120 Misc. 284, mod. 208 App. Div. 753.)

Unfortunately, the Legislature has stated the manner of selecting a jury by a court of special sessions in a criminal case so that it is not readily grasped by the mind untrained in the study of references and cross-references, the amendments and repeals, so commonly found in poorly drawn statutes. It follows that a simple restatement of the statutes on the subject, with occasional candles of light held by the court in the shadowy places, should serve a useful purpose in future jury selections by courts of special sessions.

In courts of special sessions in the counties other than New York and Nassau, the steps in selecting a jury in a criminal case are:

1. The court must have a certified copy of the jury list delivered to it by the proper town or city clerk. (Code Crim. Pro., § 703.)

2. Within ten days after the jury list is delivered to the court, it must prepare suitable ballots by writing on a separate piece of paper the name of each person included in the list who resides in the town, village, or other district to which the jurisdiction of the court is limited, or in which he is authorized to hold a court, with the place of residence of such person and other additions. (Justice Ct. Act, § 222 [L. 1920, ch. 937, as amd.]; Code Crim. Pro., § 703.)

3. The ballots must be uniform as nearly as may be in appearance. (Justice Ct. Act, § 222 [L. 1920, ch. 937, as amd.]; Code Crim. Pro., § 703.)

4. The court must deposit them in a special box kept for that purpose, known as the " original box ". (Justice Ct. Act, § 222 [L. 1920, ch. 937, as amd.]; Code Crim. Pro., § 703.)

5. The court shall also keep in its office another box to be known as the " second box " in which shall be deposited, after each trial by jury, the ballots containing the names of persons who attended and served as jurors on such trial. (Justice Ct. Act, § 223; Code Crim. Pro., § 703.)

6. Before the court hears any testimony upon the trial, the defendant demands a trial by jury. (Code Crim. Pro., § 703.)

7. The court must at once draw from the " original box " not less than twelve nor more than twenty of the ballots. (Code Crim. Pro., § 703.)

8. If the court believes the person whose name is drawn resides more than three miles from the place of trial, the court may set aside that name, then draw another ballot, and continue to draw ballots until twelve persons' names are drawn to serve as jurors. (Code Crim. Pro., § 703.)

9. The court must at once insert the names so drawn in an order directed to any constable of the county, or marshal or police officer of the city or village where the offense is to be tried and having authority to serve papers (process) of the court. (Code Crim. Pro., § 703.)

10. The order must command him to summon the persons named to appear before the court not later than three days after the time the order was signed by the court. (Code Crim. Pro., § 703.)

11. The order may be returnable before the court longer than three days if consented to by all the parties. (Code Crim. Pro., § 703.)

12. The order must state the exact place where the trial will be held. (Code Crim. Pro., § 703.)

13. The persons summoned by officer will be the jury to try the case. (Code Crim. Pro., § 703.)

14. The court must see that the officer named in the order gets it and serves it. (Code Crim. Pro., § 704.)

15. The officer must summon personally each person named in the order, by showing it to them and reading it to them or telling them the important parts. (Code Crim. Pro., § 704.)

16. The officer must then make his so-called " return " to the order, stating in writing by a certificate that he personally served it upon each of the named persons and in each case where he could not serve a named person, he must state the reason for failing to do so. (Code Crim. Pro., § 704.)

17. The names of the persons returned as jurors must be written on separate ballots (if not already done), folded as nearly alike as possible, so that the name cannot be seen, and must, under the direction of the court, be placed in the " original box." (Code Crim. Pro., § 705.)

18. The court must then draw out six of the ballots, one after the other. (Code Crim. Pro., § 706.)

19. If any of the persons named on the ballots do not appear, or are challenged and set aside, more ballots must be drawn until a jury of six is had, after all legal challenges have been allowed. (Code Crim. Pro., § 706.)

20. The same challenges may be taken by either party, to the panel of jurors, or to an individual juror, as on the trial of an indictment for a misdemeanor, except that the number of peremptory challenges shall not exceed three and one additional for each alternate juror. (Code Crim. Pro., § 707; see, also, Code Crim. Pro., §§ 359–387.)

21. The challenge must, in all cases, be tried by the court. (Code Crim. Pro., § 707.)

22. If six jurors are not available, the court may order the officer to summon any bystander, or any person, who is competent, and not legally challenged, to act as a juror. (Code Crim. Pro., § 708.)

23. When six jurors appear and are accepted, they constitute the jury. (Code Crim. Pro., § 710.)

24. The court must at once give the jury this oath or affirmation: " You do swear," (or " you do solemnly affirm," as the case may be) " that you will well and truly try this issue,

between the people of the state of New York and A. B., the defendant, and a true verdict give, according to the evidence." (Code Crim. Pro., § 711.)

This outline of the recommended procedure in criminal jury selection may seem lengthy, but any "short-cuts" or "local practices" not in conformity with it may result in a miscarriage of justice. The statutes, though complex at times and often difficult to piece together, are nevertheless so imperative and positive that this court is constrained to direct a reversal, even though there may be no discernible injury to the eye of innocence from the error here. (See *LeBlanc* v. *Newby,* 147 Misc. 26.)

Not unmindful of the provisions of section 764 of the Code of Criminal Procedure, this court holds the right to a trial by jury in a court of special sessions hearing a criminal case to be of inviolate nature even though guaranteed by statute merely. The Legislature is vested with the sovereign power of the People in this particular and it speaks with all the solemnity of the fundamental law.

It has always been the opinion of this court that the justices' courts and the police courts of this State are the real bulwark of our judicial system. It is here that the great majority of our citizens have their first and in most instances their only contact with the courts. Whether they have confidence in the impartiality of the courts generally will be determined by their experience before these courts. There rests upon the judges of these courts a greater responsibility to secure the confidence of litigants in the administration of justice. Most litigants are willing to abide by the verdict of a jury of their peers, drawn by lot from among the persons of their community. The Legislature of the State as above has attempted to provide a means of assuring that jurors are drawn by lot. Any innovations or local practices, experimentations or attempts at improvement in the manner of selecting jurors by individual judges can lead only to suspicion and uncertainty in the minds of litigants.

Our courts are the keystone of our governmental system; they are the sword of the righteous and the shield of the oppressed. Let the keystone fall into disrepair and the whole structure of our government will come tumbling down.

No doubt, the Justice of the Peace in this case fell into honest error. Nonetheless, this defendant should have the full protection of each statutory step in selecting the jury to try him of alleged crime. Otherwise, he does not have his day in court.

Judgment reversed and new trial ordered. Prepare and submit judgment accordingly.