THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL F. KRUGER, Appellant.

County Court, Chautauqua County, December 9, 1950.

*John Leo Sullivan* for appellant.

*Edwin G. O'Connor, District Attorney,* for respondent.

BODINE, J. The only ground of appeal that I deem necessary to consider is that which pertains to the excusing from attendance at the trial of two jurors from the venire of twelve summoned. These two jurors were excused by the Justice at their request for their own convenience out of court before the day of trial without the knowledge or consent of either party. Upon being apprised of this fact defendant at the outset of the trial promptly moved to dismiss all of the jurors and that a new jury be drawn, which was denied. A jury of six was then drawn and seated from the remaining ten, the defendant not utilizing all his peremptory challenges. The trial proceeded to a conviction upon which defendant was sentenced to one year in the penitentiary. Aside from this circumstance the judgment in my opinion is not open to question as there were no errors on the trial such as to justify a new trial, the information was adequate and the evidence was more than ample to warrant conviction.

The practice followed by the Justice, however, in excusing the two jurors out of court, demands consideration. The manner in which jurors are to be summoned and drawn for service in Courts of Special Sessions is prescribed in sections 703 to 708 and 710 of the Code of Criminal Procedure. Section 703 refers to the Justice Court Act as to the drawing of the ballots of those to be summoned and it may well be that the Justice relied upon this in arriving at his decision. Nowhere, however, do we find any direct provision authorizing the magistrate to excuse a juror from attending pursuant to the summons. In this respect the practice differs from that apparently intended to prevail in Justice's Court. There (Justice Ct. Act, § 225) the Justice may excuse any juror entitled to be excused in courts of record under section 544 of the Judiciary Law. This section provided that on proof of the facts a juror might be excused for one or more reasons therein specified, but to complicate matters it was repealed in 1936 (L. 1936, ch. 890) and its place taken with enlargements by sections 545 and 546 enacted in the same chapter but unfortunately section 225 of the Justice Court Act was not amended accordingly.

The fact that the Justice in a civil case is expressly intended to be accorded the power on his own motion to excuse jurors from sitting under given circumstances and perhaps of excusing them out of court and that no express or implied power so to excuse is contained in or inferable from the applicable provisions of the Code of Criminal Procedure conclusively demonstrates in my opinion that the Legislature never intended to repose the power in the Justice on his own initiative to excuse jurors in advance of trial or out of court in criminal cases; and it may be doubted that he has the power to excuse at all except after a challenge and decision thereon or the advancement of a legal excuse in open court.

We are not at liberty to expand by judicial decision statutes beyond their text and in cases even where proper construction is doubtful by reason of the text or conflicting statutory provisions, that interpretation and construction should be adopted which best protects the rights of an accused person to lawful trial. " The jurisdiction of a justice of the peace is limited to that expressly granted by the Constitution and by statute, and nothing may be read into their text by implication " (*People* v. *Brodlowicz*, 182 Misc. 351, 354, and cases cited). The only reported case coming to our attention on similar facts is that of *People* v. *Pickert* (26 Misc. 112, 113) where the court said that " it was error for the magistrate to excuse the juror out of court, and he had no legal right to do so at the time," and it was there further held that the objection was available to the defendant though raised for the first time on appeal.

It is argued, however, that without a showing that substantial rights of the defendant were prejudiced, any technical errors or defects must be disregarded. (Code Crim. Pro., § 764, pertaining to appeals from Courts of Special Sessions and its companion, § 542.) The answer to this is that we are not here concerned with errors, if any, committed during the course of the trial but a departure from statutory rules going to the very inception of the trying tribunal. In such case the principle that every statutory provision intended for the benefit of the accused confers a substantial right and will be deemed prejudicial to the defendant when simply shown to have been disregarded over objection before conviction is applicable and controlling here. (*People* v. *McQuade*, 110 N. Y. 284, 294, quoted from and applied in *People* v. *Damron*, 212 N. Y. 256, 263.) In the *McQuade* case the rule was applied in connection with disregard of the provision prescribing the order of peremptory

challenges, and in the *Damron* case in drawing a special jury an hour earlier than noticed for.

The same rule has been applied in civil cases in Justice Court (*Brisbane* v. *Macomber,* 56 Barb. 375) where it was held that a party who had demanded a jury trial had the right to insist that the jury be drawn as prescribed by statute and this despite the fact that no prejudice could have resulted from the particular irregularity. (*Equitable Gas Light Co.* v. *French,* 10 Misc. 749.) If such be the rule in civil cases affecting only property rights it surely applies with much greater force where a person's liberty may be affected. The statutes prescribing how a jury must be drawn in Special Sessions do not merely dictate a rule of procedure; they secure a right to the defendant. The statutes are peremptory and their violation a substantial and not a mere technical error. (*People* v. *McQuade, supra.*)

It follows that the judgment of conviction must be reversed and a new trial ordered and this despite the fact that on the merits there may have been no obvious or inferable injury to the defendant. (*People* v. *Pickert, supra; People* v. *Brodlowicz, supra; People* v. *Damron, supra.*) That these two jurors were excused may not have changed, and probably did not change, the result arrived at in this particular case but that is pure speculation which we cannot indulge in when the integrity of an underlying principle involving a substantial right is at stake. If the Justice had the right to excuse two he had by the same token the right to excuse all twelve jurors and force the defendant to entrust his case to a jury picked from the bystanders. All would concede such practice a perversion of justice, and this was doubtless one of the considerations motivating the Legislature in withholding the right to summarily excuse jurors out of court in a criminal case. If we are to preserve the rights and privileges of democracy as we know them the basic fundamental safeguards which have been erected through the years for the protection of citizens must be observed until legally altered though their application to individual cases may at times be viewed with impatience. (*People* v. *Zambounis,* 251 N. Y. 94.)

Judgment reversed and new trial ordered.