■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM POWELL and JOHN PILGRIM, Appellants.— Appeals by defendants from judgments of the County Court, Nassau County, rendered May 17, 1963 after a jury trial, convicting them of burglary in the third degree, robbery in the first degree, grand larceny in the first degree, assault in the second degree, petit larceny and malicious mischief as a felony; and convicting defendant Powell of the additional crime of possession of burglar's tools, and imposing sentence. Judgment reversed on the law and a new trial granted as to both defendants. The findings of fact implicit in the jury's verdict have been considered; such findings are affirmed. In our opinion, the trial court committed prejudicial error when it summarily overruled, without a hearing, the defendants' challenge to the jury panel, despite the absence of any exception or denial by the prosecutor with respect to such challenge (Code Crim. Pro., §§ 363, 364, 366; *People* v. *Ebelt,* 180 N. Y. 470, 474–475; *People* v. *Wilber,* 15 N. Y. S. 435; *People* v. *Damron,* 160 App. Div. 424, affd. 212 N. Y. 256; see, also, *People* v. *Dow,* 3 A D 2d 979; *People* v. *Weiss,* 19 A D 2d 900; *People* v. *Lawrence,* 19 A D 2d 899). We also believe that by reason of the trial court's assignment of a single attorney to represent the two defendants whose interests were in conflict, the defendant Pilgrim was denied "his right to have the effective assistance of counsel" (*Glasser* v. *United States,* 315 U. S. 60, 75–76). The defendant Pilgrim was also deprived of a fair trial by the court's failure *adequately* to instruct the jury that it could not consider the written and oral admissions of his codefendant Powell as evidence against Pilgrim. It is true that at the time of the admission of the written confession and again at defense counsel's request at the end of the main charge, the court did instruct the jury that Powell's confession was "not binding on the defendant Pilgrim." But such cursory and perfunctory instruction without further elaboration or explanation, may not be deemed to neutralize the repeated and emphatic references, both by the prosecutor in his summation and by the court in its main charge, to Powell's written and oral admissions as indicative of the guilt of both defendants. A reading of the whole charge leaves no doubt of its inadequacy and prejudice as to the defendant Pilgrim, despite the court's superficial attempt to cure the error after the main charge (cf. *People* v. *Lombard,* 4 A D 2d 666 and cases there cited). Indeed, the ambivalence of the charge, when read in its entirety and in the light of the prosecutor's summation, served to accentuate the error rather than to correct it. Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgments as to both defendants, with the following memorandum: In my opinion, the proof of guilt of both defendants was overwhelming. The challenge to the jury panel was insufficient because it did not specify distinctly the facts constituting the ground of the challenge, as required by section 363 of the Code of Criminal Procedure. The mere statement that defense counsel

saw no Negroes on the panel is not a specification of the facts of discrimination. The objection that the court should have assigned separate counsel for each defendant was never raised at the trial; there was no conflict of interest between the two defendants; and neither one of the defendants was prejudiced as a result of their joint representation by a single attorney. Under all the circumstances, the defendant Pilgrim was not prejudiced by the admission of Powell's confession. At the time of the admission of such confession, the court advised the jury that it was binding only on Powell; and thereafter, at defense counsel's request, the court in its charge repeated this caution. No more was required.